**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5455-16T1

WELLS FARGO BANK, N.A. AS
TRUSTEE FOR CARRINGTON
MORTGAGE LOAN TRUST,
SERIES 2006-NC1 ASSET-
BACKED PASS THROUGH
CERTIFICATES,

     Plaintiff-Respondent,

v.

JEHU T. STRYKER, JR.,

     Defendant.

_____

JUDY E. STRYKER,

     Appellant.

_____

Submitted March 13, 2019 - Decided April 1, 2019

Before Judges Fuentes and Accurso.

On appeal from Superior Court of New Jersey, Chancery Division, Mercer County, Docket No. F-011122-07.

Judy E. Stryker, appellant pro se.

Phelan Hallinan Diamond & Jones, PC, attorneys for respondent (Brian Yoder, on the brief).

PER CURIAM

Judy E. Stryker, sister of defendant Jehu T. Stryker, Jr., appeals from a June 27, 2017 order denying her emergent motion to stay a sheriff's sale based on hardship. Finding no error, we affirm.

In 2005, Jehu T. Stryker, Jr. borrowed $175,500 from plaintiff's predecessor, New Century Mortgage Corporation, secured by a purchase money mortgage on his home in Ewing. The loan went into default for non-payment thirteen months later. Plaintiff Wells Fargo Bank, N.A. filed its foreclosure complaint in 2007, and an uncontested final judgment was entered in December 2008. Sheriff's sale was scheduled for March 2009.

After her brother exhausted his two statutory adjournments, Judy Stryker managed to stave off the sale for the next eight years by filing six different bankruptcy cases. She has never been permitted to intervene in this action, although Judge Jacobson permitted her to participate in court-sponsored mediation as her brother's attorney-in-fact in 2011.

When plaintiff again scheduled the sale in June 2017, Judy Stryker moved to reinstate her most recently dismissed bankruptcy case and applied to Judge

Innes for an emergent stay of the sale. Both motions were denied and the sale went forward as scheduled with the property being struck off to plaintiff as the highest bidder. The sheriff delivered a deed to plaintiff the following month, which has since been recorded.

In August 2017, Judy Stryker filed this appeal from the denial of her motion to stay the sheriff's sale and a motion for stay pending appeal, which she doesn't appear to have pursued. We have twice dismissed her appeal for failure to prosecute and twice reinstated it. In June 2018, plaintiff obtained a writ of possession and scheduled an eviction for September. We denied her emergent application for stay, and she was ejected from the premises on September 5, 2018.

Judy Stryker is not a party to the note and mortgage, nor a party in the foreclosure action. An uncontested final judgment was entered in this case over ten years ago and has never been appealed. Having reviewed Judge Innes' order denying further stay of the sheriff's sale in 2017, we find no legal basis to have permitted him to have ruled otherwise.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5455-16T1